UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
TRUSTEES OF THE LOCAL 138, 138A AND 138B
INTERNATIONAL UNION OF OPERATING
ENGINEERS WELFARE FUND, ANNUITY FUND,
LEGAL FUND, VACATION FUND,
APPRENTICESHIP TRAINING FUND AND
TRUSTEES OF THE CENTRAL PENSION FUND OF
THE INTERNATIONAL UNION OF OPERATING
ENGINEERS.
                                 Plaintiffs,

        -against-

SWEET HOLLOW MANAGEMENT CORP.,

                                 Defendant.
-----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
19-CV-2207 (JMA) (ST)

FILED
CLERK
4:13 pm, Aug 07, 2020
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Pending before the Court is the motion of plaintiffs Trustees of the Local 138, 138A and 138B International Union of Operating Engineers Welfare Fund, Annuity Fund, Legal Fund, Vacation Fund, Apprenticeship Training Fund and Trustees of the Central Pension Fund of the International Union of Operating Engineers ("Plaintiffs") for default judgment against defendant Sweet Hollow Management Corp. ("Defendant"). For the reasons stated herein, Plaintiffs' motion is GRANTED.

## I.    DISCUSSION

### A. Defendant Defaulted

Defendant was properly served in the action, but has not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action.

### B. Liability

When a defendant defaults, the Court is required to accept all the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id. Here, Plaintiffs allege that Defendant violated Section 515 of ERISA, 29 U.S.C. § 1145, and the operative Collective Bargaining and Trust Agreements. (ECF No. 1 at 8-9.) The Court finds that the allegations in the complaint are sufficient to establish Defendant's liability.

### C. Damages

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). The Court finds that the Affidavit of the Administrator and attached supporting evidence, (ECF No. 11), establish damages in the following amounts to a reasonable certainty: $82,813.22 in unpaid contributions, $5,662.09 in interest, $16,562.64 in liquidated damages (calculated at 20% of the unpaid contributions), $8,122.00 in attorneys' fees[1], and $760.80 in costs.

---

[1] The rates and hours expended are consistent with those that other courts in this district have found to be reasonable for the work of Plaintiffs' counsel in cases of a similar nature. See, e.g., Trustees of Local 138, 138A & 138B Int'l Union of Operating Engineers Welfare Fund, Annuity Fund, Legal Fund, Vacation Fund, Apprenticeship Training Fund v. Carlo Lizza & Sons Paving Inc., No. 17-CV-4651, 2019 WL 2516773, at *2 (E.D.N.Y. May 28,

## II.  CONCLUSION

The Clerk of Court is respectfully directed to enter judgment against Defendant for $82,813.22 in unpaid contributions, $5,662.09 in interest, $16,562.64 in liquidated damages, $8,122.00 in attorneys' fees, and $760.80 in costs.

Plaintiffs are also directed to serve a copy of this Order on Defendant and file proof of service on ECF within seven (7) days.

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

Dated:  August 7, 2020
          Central Islip, New York

                                                              /s/   (JMA)                                    
                                                              JOAN M. AZRACK
                                                              UNITED STATES DISTRICT JUDGE

---

2019), adopted by, 2019 WL 2517057 (E.D.N.Y. June 18, 2019); Trustees of Local 138, 138A & 138B Int'l Union of Operating Engineers Welfare Fund, Annuity Fund, Legal Fund, Vacation Fund, Apprenticeship Training Fund v. Early Bird Sweeping Contractors, Inc., No. 16-CV-1066, 2018 WL 7681481, at *3 (E.D.N.Y. Dec. 19, 2018), adopted by, 2019 WL 1262747 (E.D.N.Y. Mar. 19, 2019).